■ COVENTRY REAL ESTATE ADVISORS, L.L.C., et al., Appellants, v DEVELOPERS DIVERSIFIED REALTY CORP. et al., Respondents. [924 NYS2d 386]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 4, 2011, which denied plaintiffs' motion for the issuance of commissions to take depositions outside the state, unanimously affirmed, without costs. Order, same court, Justice, and date of entry, which denied plaintiffs' motion to use an anonymous document in discovery, unanimously modified, on the facts, to grant the motion as to the last page of the document (for purposes other than uncharged crimes), and otherwise affirmed, without costs.

The motion court providently exercised its discretion in denying plaintiffs' motion for the issuance of commissions pursuant to CPLR 3108, since they failed to demonstrate that commissions were "necessary or convenient" (CPLR 3108; *Reyes v Riverside Park Community [Stage I], Inc.*, 59 AD3d 219, 219 [2009]). The motion court stated that plaintiffs could submit new papers if they wanted commissions for out-of-state depositions on a topic other than uncharged crimes; hence, the current appeal concerns only uncharged crimes. Although "a witness may be cross-examined [at trial] with respect to specific immoral, vicious or criminal acts which have a bearing on the witness's credibility" (*Badr v Hogan*, 75 NY2d 629, 634 [1990]), here, due to the affidavits plaintiffs obtained, they already have a good-faith basis to cross-examine an executive of one of the defendants about an uncharged crime. If the executive denies the uncharged crime, plaintiffs will not be allowed to use extrinsic evidence solely to impeach his credibility (*see People v Schwartzman*, 24 NY2d 241, 245 [1969], *cert denied* 396 US 846 [1969]).

We reject plaintiffs' argument that they can use evidence of the uncharged crime and a cover-up thereof to show intent for their fraud claim.

Plaintiffs failed to preserve their argument that the motion court should have considered a protective device pursuant to CPLR 3103, rather than deny its motion in its entirety, and we decline to consider it.

Because the first four pages of the anonymous document concern the uncharged crime, for the reasons stated above, the motion court providently exercised its discretion in denying plaintiff's motion to use those pages in discovery. The pages are also not discoverable because they are privileged (*see* CPLR 3101 [b], [c]; 4503). However, the last page is not privileged, and it has relevance beyond the uncharged crime since it alleges that an executive of one of the defendants ordered a "data dump" on his computer. Indeed, plaintiffs may use the last page to discover if the executive deleted from his computer material relevant to this case. Accordingly, plaintiffs are entitled to use the last page in discovery. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ.